CRICHTON, J.,
additionally concurring.
U fully agree with the Per Curiam opinion. I write separately to emphasize that *647 this court accords great deference to the fact-finding function of juries, and the outcome of this case should not be construed as to marginalize the critical role of juries in administrating justice. Rather, it is the paramount objective of upholding the integrity of our judicial system that dictates this result. It is imperative to our judicial system is that criminal convictions be supported by reliable, competent, and altogether trustworthy evidence. And as this ideal relates to the instant case, I am extremely troubled on many levels by the evidence before us.
Impaired by alcohol and drug consumption during the event at issue, each of the individuals involved provided questionable testimony regarding the consensual sexual activity between two or more of the individuals present in the room. While the jury heard some of the inconsistent statements made by both the victim, R.P., and her friend, A.L., the jury did not hear all of the admissions of fabrications — specifically, the multiple, highly relevant statements of R.P. and A.L. indicating that the rape story was mere fiction to cover up injuries R.P. actually received during an earlier forbidden 4-wheeler ride.
In my view, full disclosure to the jury of the multiple admissions of fabrication and cover-up would have significantly impacted the deliberative process of this jury, given the 10-2 verdict. I agree with the rationale of Judge McClendon in her dissent from the lower court opinion, and I believe that the integrity of our criminal justice system mandates that these convictions be reversed arid remanded for further proceedings, including a new trial with full disclosure to a new jury, such that the integrity of our system is honored.